UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH MCMANUS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1533** |
| **ST. TAMMANY PARISH JAIL, ET AL.** | **SECTION "B"(2)** |

<u>**ORDER AND REASONS**</u>

Considering defendants St. Tammany Parish Jail, Parish Sheriff Randy Smith, and Warden Daniel Fleischmanand's motion to continue deadlines and trial date (Rec. Doc. 27) and pro se plaintiff Joseph McManus' motion to continue (Rec. Doc. 28),

**IT IS ORDERED** that the motions to continue filed by defendant and plaintiff (Rec. Docs. 27-28) are **DENIED IN PART. Fed. R. Civ. P. 16(b)(4) requires good cause and the judge's consent to modify a scheduling order.** *See also Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Prot., Inc. v. Folgeman*, 607 F.3d 161, 167 (5th Cir. 2010)) (noting four factors for good cause under Rule 16) (emphasis added).

**IT IS FURTHER ORDERED** that in the interest of justice, <u>**no later than Friday, September 1, 2023 at 5:00 P.M.**</u>, parties may seek leave to file case-dispositive pre-trial motions, only. **All other expired and unexpired deadlines established by the Scheduling Order (Rec. Doc. 24) shall remain intact.**

Here, defendants aver "due to a scheduling error by an employee who is no longer employed by undersigned counsel,

1

Defendants have inadvertently missed the July 10, 2023, deadline to file and serve a copy of their witness and exhibits list on Plaintiff." Rec. Doc. 27-1 at 2. "Additionally, due to this scheduling error by the former employee, Defendants have inadvertently missed the deadline to file case-dispositive motions in order to permit a hearing thereon no later than August 2, 2023."[1] *Id.* Finally, defendants point out the incarcerated and *pro se* plaintiff in the above-captioned matter has also missed the same deadlines. *Id.* Defendants makes no additional argument of good cause, and failure to calendar the correct date does not demonstrate either diligence or good cause as required by the Fifth Circuit.

In fact, the Fifth Circuit has spoken directly on the issue. In *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990), plaintiff's counsel failed to timely designate expert witnesses resulting in the district court "striking the late expert witness designation and precluding any expert witness testimony involv[ing] both the enforcement of a scheduling order and the enforcement of local rules." *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). The Fifth Circuit upheld the lower court's decision stating that an "omission result[ing] from a

---

[1] The Court is unpersuaded and puzzled by defendants' assertion that defendants missed their August 2, 2023 deadline to file case dispositive motions. Rec. Doc. 27 at 2. Defendants filed the instant motion to continue deadlines on July 20, 2023. *Id.* **That provided them with at least thirteen (13) calendar days to timely file an appropriate case dispositive motion.** Alas, they did not.

scheduling mistake in counsel's office, is not the type of satisfactory explanation for which relief may be granted." *Id.* at 791 (citing *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1158 (5th Cir. 1985)). The court further considered that while the expert testimony was allegedly significant to plaintiff's case, "[t]he inportance [*sic*] of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *See id.* at 791-92 (citing *Hull v. Eaton Corp.*, 825 F.2d 448, 452 (D.C. Cir. 1987) (court may sanction unexcused failure to designate witness by precluding testimony "without first determining how badly the party needs the witness")); *see also Griffin v. City of Alexandria*, 213 F.R.D. 278, 280 (W.D. La. 2003) (finding no good cause was shown where counsel's error in missing a pre-trial conference was due to an alleged error made by counsel's paralegal in misfiling the court's order). Similarly, in this case the defendants' staff's alleged incorrect calendaring of deadlines is not good cause to modify the scheduling order.[2]

Next, *pro se* and incarcerated plaintiff's motion to continue provides only conclusory allegations that he may require medical treatment. Rec. Doc. 28. Fifth Circuit authority clarifies:

---

[2] Although the Court declines to issue additional monetary sanctions at this juncture, counsel for defendants is cautioned that their self-admitted conduct that resulted in defendants missing two key deadlines set by the Court (Rec. Doc. 24) may warrant sanctions. Both parties are reminded of their ethical and professional responsibilities to the Court, the opposing party/counsel, and their obligations pursuant to Fed. R. Civ. P. 1's directive "to secure the just, speedy, and inexpensive determination of every action and proceeding."

> Despite our general willingness to construe pro se filings liberally, we still require pro se parties to fundamentally abide by the rules that govern the federal courts. Pro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal.

*E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir.2013)) (some internal citations and quotation marks omitted). Thus, plaintiff also failed to provide good cause to continue the Rule 16 deadlines until "around [M]ay or after the summer of 2024" as he requests. Rec. Doc. 28.

However, if plaintiff, through his treating doctor/physician, provides (1) some medical documentation confirming he requires medical treatment/surgery relevant to the claim(s) in this case, and (2) an estimated timeline for recovery, then plaintiff may re-urge his motion to continue with the above-noted attachments.

This matter was originally filed on **August 13, 2021, nearly two years ago**. Rec. Doc. 1 (emphasis added). Parties have known about the established deadlines since the Rule 16 scheduling conference held on January 1, 2023. Rec. Doc. 24. The Court cannot and will not indefinitely delay the resolution of this matter.

New Orleans, Louisiana this 2nd day of August, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE

4