## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSPEH MCMANUS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1533** |
| **ST. TAMMANY PARISH JAIL** | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the Court are Joseph McManus's ("McManus") *pro se* motion for reconsideration ("Motion") **(R. Doc. 53)**; and defendants Randy Smith ("Smith") and Daniel Fleischman's ("Fleischman") opposition (R. Doc. 54). Considering the foregoing, and for the reasons discussed below,

**IT IS HEREBY ORDERED** that McManus's Motion is **DENIED**.

## FACTS AND PROCEDURAL HISTORY[1]

On August 13, 2021, McManus filed this *pro se* and in forma pauperis civil action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights.[2] Initially, he sued brought suit only against St. Tammany Parish Jail ("STPJ"),[3] but because STPJ is not subject to suit under § 1983,[4] McManus subsequently filed an amended complaint[5] at the Court's direction,[6] naming St. Tammany Parish Sheriff Randy Smith ("Smith") and STPJ Warden Daniel

---

[1]     A full discussion of this case's facts and procedural history was provided in R. Doc. 51 at 2–6.
[2]     *See* R. Doc. 1.
[3]     *See id.*
[4]     *See, e.g.*, *Robinson v. Pinion*, No. 05-6364, 2006 WL 2710443, at *3 (E.D. La. Sept. 19, 2006).
[5]     *See* R. Doc. 12.
[6]     After reviewing McManus's initial complaint at R. Doc. 1, the assigned magistrate judge ordered McManus to file an amended complaint to name a proper defendant or defendants because STPJ as a party defendant is improper. *See* R. Doc. 9 ("Having reviewed the complaint, the Court notes that the sole defendant named by plaintiff in this lawsuit is the St. Tammany Parish Jail. However, that is improper. The St. Tammany Parish Jail is merely a building, not a 'person' subject to suit under 42. U.S.C. § 1983 . . . Nevertheless, because plaintiff is proceeding pro se, the Court will afford him an opportunity to file an amended complaint."). Even though an amended complaint was filed, STPJ was never dismissed from the case.

Fleischman ("Fleischman") as defendants.   McManus's complaint and amended complaint stemmed from a twelve-hour stay in a STPJ holding cell ("Holding Cell") on August 14, 2020, following McManus's arrest, where McManus claimed he was subject to:  (1) dirty conditions within the Holding Cell; (2) being forced to sleep on the concrete floor of the Holding Cell; (3) dirty conditions in the showers; (5) holes in the blanket provided to him by STPJ; (6) rude/mean comments made to him by STPJ personnel; (7) the fear of his dad's life being in danger because STPJ did not keep detainees six feet apart during the COVID-19 pandemic.[7]

Smith and Fleischman filed a motion for summary judgment on all claims,[8] set for submission on September 13, 2023;[9] McManus did not oppose the motion.  On September 7, 2024, the Court was supposed to hold a pre-trial conference, pursuant to the Scheduling Order.[10] However, because little to no discovery had been conducted in the case, and because McManus did not comply with the Court's standing pretrial conference instructions, the Court instead held a status conference on that date.[11]   During the status conference, the Court gave McManus the opportunity to expound upon his claims both legally[12] and factually,[13] and to orally oppose Smith and Fleischman's motion for summary judgment.[14]  In addition, after the status conference, the Court ordered that McManus produce additional legal, factual, and medical support for his claims

---

[7]     *See* R. Doc. 1; R. Doc. 12; *see also* R. Doc. 51 at 2–3 (Order and Reasons)  (summarizing McManus's claims).
[8]     R. Doc. 35.
[9]     R. Doc. 35-3.
[10]    *See* R. Doc. 24.
[11]    *See* R. Doc. 39.
[12]    *See* R. Doc. 51 at 5 n. 27.  ("The only legal citation McManus provided the Court with during the status conference was *Thomas v. Baca*, 514 F. Supp. 2d 1201 (C.D. Cal. 2007).  The Court distinguished *Thomas* from this case during the status conference.").
[13]    *See* R. Doc. 51 at 5 (discussing how McManus expounded factually on two of his claims).
[14]    *See id.* at 5 n. 29 (noting that McManus did not meaningfully orally oppose Smith and Fleischman's motion for summary judgment).

no later than October 9, 2023, and in doing so, warned that failure to comply may result in dismissal without further notice pursuant to Federal Rule of Civil Procedure 41(b).[15]

On September 18, 2023, McManus filed a motion asking the Court to continue the October 9, 2023 deadline;[16] in the same motion, he also asked for a court order to obtain his own medical records.[17] The Court denied McManus's request for a continuance of the October 9, 2023 deadline, reasoning that McManus had been given ample time to obtain his medical records and to prosecute his claims (because the case was filed in August 2021) and that the Court effectively already continued the case already when it converted the September 7, 2023 pretrial conference to a status conference;[18] the Court further reminded that failure to timely comply with Court orders may lead to financial sanctions and/or dismissal of claims.[19] The Court also denied McManus's request for a court order to obtain his medical records, reasoning that McManus should contact his medical providers directly to obtain his medical records.[20]

The October 9, 2023 deadline passed, with McManus filing some documents into the record, which did not sufficiently provide the legal, factual, and medical support the Court ordered McManus to produce during the September 7, 2023 status conference.[21] Accordingly, Smith and Fleischman subsequently filed a motion to dismiss, which re-urged their motion for summary judgment.[22]

---

[15]   *See* R. Doc. 39 at 2–3; *see also* Fed. R. Civ. P. 41(b).
[16]   *See* R. Doc. 40.
[17]   *See id.*
[18]   R. Doc. 41 at 1–2.
[19]   *Id.* at 2.
[20]   *Id.* at 1. In denying McManus's request, we also noted that McManus never provided the Court with the names or addresses for any of his medical providers. *Id.* at 1 n.1.
[21]   *See* R. Doc. 42. McManus provided a letter to the court, as well as attachments. *See id.*; R. Doc. 42-1. While the various attachments do include some of McManus's medical records, none of the records appear to be relevant to McManus's claims now before this Court because none of the records show that his pre-existing back injuries, generalized anxiety disorder, and panic disorder worsened due to his time spent at STPJ. *See generally* R. Doc. 42-1.
[22]   R. Doc. 43 (re-urging Motion for Summary Judgment at R. Doc. 35).

On April 19, 2024, we granted Smith and Fleischman's motion to dismiss and motion for summary judgment, and dismissed, with prejudice, all McManus's claims against them.[23]  We did so based on McManus's allegations in his complaint and amended complaint, finding that McManus failed to allege an underlying constitutional violation on any of his claims; we further cited, as additional support, McManus's failure to comply with Court orders.[24]  We also ordered that STPJ be dismissed with prejudice because it is not subject to suit under § 1983.[25]  On the same day (April 19, 2024) judgment was entered in favor of defendants STPJ, Smith, and Fleischman, and against McManus.[26]

On May 29, 2024, McManus filed the instant Motion.[27]  Therein, McManus argues: (1) the Court erred in denying his request for a court order to obtain his own medical records; (2) the Court did not care about his safety when he informed the Court, during the September 7, 2023 status conference, that he was harassed and assaulted by the U.S. Marshals; (3) the Court ignored the case he provided during the September 7, 2023 status conference (*Thomas v. Baca*, 514 F. Supp. 2d 1201 (C.D. Cal. 2007)); (4) counsel for defendants did not disprove his claims; and (5) the Court erred in denying his requested continuance of the October 9, 2023 deadline for him to produce additional legal, factual, and medical support for his claims.[28]

Smith and Fleischman oppose, arguing (1) procedurally, that McManus's Motion for Reconsideration is untimely under Federal Rule of Civil Procedure 59(e); and (2) substantively, that McManus has failed to meet the standard under Rule 59(e).[29]

---

[23]     *See* R. Doc. 51.
[24]     *See id.*
[25]     *See id.* at 1 (citing *Robinson v. Pinion*, No. 05-6364, 2006 WL 2710443, at *3 (E.D. La. Sept. 19, 2006)).
[26]     R. Doc. 52.
[27]     R. Doc. 53.
[28]     *See* R. Doc. 53.  Note that the Court is summarizing McManus's arguments in its own words.
[29]     *See* R. Doc. 54 at 3–5.

**LAW AND ANALYSIS**

### A.  Motions for Reconsideration Under FRCP 59(e) versus FRCP 60(b)

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.l (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).  The Fifth Circuit has "consistently stated, however, that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)."  *Lavespere*, 910 F.2d at 173 (first citing *Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 288 (5th Cir.1989); then citing *Charles L.M. v. Northeast Indep. School Dist.,* 884 F.2d 869, 869–70 (5th Cir.1989); and then citing *Harcon Barge Co. v. D & G Boat Rentals,* 784 F.2d 665, 669–70 (5th Cir.1986) (en banc)).

"Under which Rule the motion falls turns on the time at which the motion is served."  *Id.* If the motion is served within [twenty-eight][30] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."  *Id.* (citing *Harcon Barge Co.,* 784 F.2d at 667).

Here, the Court rendered judgment on April 19, 2023.  McManus filed the instant Motion on May 29, 2024.  Because McManus served his Motion forty days after the rendition of judgment, McManus's Motion falls under Rule 60(b), not Rule 59(e).  *Lavespere*, 910 F.2d at 173 (citing *Harcon Barge Co.,* 784 F.2d at 667).  We thus reject Smith and Fleischman's argument that McManus's Motion is untimely under Rule 59(e) and must be dismissed for that reason.

### B.  Motion for "Relief from Judgment" under Rule 60(b)

---

[30]     Rule 59 provides that a "motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

Rule 60(b) includes six grounds on which relief from a final judgment may be granted:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud, misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Additionally, the Fifth Circuit acknowledges a basis for Rule 60(b) relief as "to rectify an obvious error of law." *See Caldwell v. Parker Univ.*, 802 F. App'x 841, 842 (5th Cir. 2020).

As summarized *supra*, McManus sets forth the following grounds in support of his Motion: (1) the Court erred in denying his request for a court order to obtain his own medical records; (2) the Court did not care about his safety when he informed the Court, during the September 7, 2023 status conference, that he was harassed and assaulted by the U.S. Marshals; (3) the Court ignored the case he provided during the September 7, 2023 status conference (*Thomas v. Baca*, 514 F. Supp. 2d 1201 (C.D. Cal. 2007)); (4) counsel for defendants did not disprove his claims; and (5) the Court erred in denying his requested continuance of the October 9, 2023 deadline for him to produce additional legal, factual, and medical support for his claims.[31]

None of the grounds cited by McManus for reconsideration fall under the six grounds in Rule 60(b), *see* Fed. R. Civ. P. 60(b), nor do they fall under the judicially-recognized ground "to correct an obvious error of law," *see Caldwell*, 802 F. App'x at 842.

Additionally, addressing each of McManus's particular arguments in turn: (1) A court order directing McManus's medical providers to provide him with his own medical records is

---

[31]     *See* R. Doc. 53.

unnecessary.  As explained in the order denying that request, McManus should have contacted his medical providers directly to obtain his medical records.[32]  (2) During the September 7, 2023 status conference, McManus remarked that he requested a continuance because the U.S. Marshals harassed and assaulted him.  In response, and partly because that remark was not shown relevant here, the Court re-focused McManus on the claims alleged in this case.   Rule 60(b) relief on that remark is unwarranted.  (3) We also addressed and distinguished *Thomas v. Baca* from this case during the September 7, 2023 status conference,[33] and further relied on Fifth Circuit and United States Supreme Court case law in dismissing McManus's claims.[34]  Relief on that argument is rejected.  (5) In granting Smith and Fleischman's Motion for Summary judgment, Fifth Circuit and United States Supreme Court precedence showed and it was found here that McManus's claims did not rise to a constitutional violation.[35]  McManus's cited ground that counsel for defendants did not disprove his claims is rejected.  (6) McManus did not demonstrate good cause in requesting the continuance of the October 9, 2023 deadline to produce additional legal, factual, and medical support for his claims.  As noted before, McManus "ha[d] been given ample time to obtain his medical records to be able to prosecute his claims" and the Court effectively "continued this matter when it converted the pretrial conference to a status conference on September 7, 2023[.]"[36]  Accordingly, the instant motion is denied.

New Orleans, Louisiana this 18th day of June, 2024

SENIOR UNITED STATES DISTRICT JUDGE

---

[32]     *See* R. Doc. 41 (denying R. Doc. 40).
[33]     *See* R. Doc. 51 at 5 n. 27.
[34]     *See generally id.*
[35]     *See generally id.*
[36]     *See* R. Doc. 41.